IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACQUELYN ELLISHA JACKSON,
    Plaintiff,

vs.                                      Case No.: 3:15cv360/MCR/EMT

ESCAMBIA COUNTY SCHOOL DISTRICT,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Defendant's Motion to Dismiss or in the Alternative for Judgment on the Pleadings and memorandum in support thereof (ECF Nos. 13, 14), as well as Plaintiff's "Motion [for] Judgment in Plaintiff's Favor" and accompanying memorandum (ECF Nos. 21, 22).

Plaintiff initiated this action on August 11, 2015, by filing a complaint of discrimination against Defendant Escambia County School District under Title VII of the Civil Rights Act of 1964. She subsequently filed an amended complaint (ECF No. 5), which is now the operative pleading in the case. It is noted that neither party filed memoranda in opposition to the motion of the other party. The court will treat the motions of both parties as cross-motions.

In her amended complaint, Plaintiff describes her discrimination as occurring during a job interview with the School District of Escambia County, Florida, which was promotional in nature (ECF No. 5 at 4). Plaintiff states that part of the application process included a skills test and that she was treated unfairly during this skills test, which resulted in another applicant with less seniority being promoted to the position instead of Plaintiff (ECF Nos. 5 at 4–5, 21 at 1). As relief, Plaintiff seeks to be given the promotion and an award of back pay (ECF No. 5 at 6).

Defendant's motion to dismiss focuses on the fact that Plaintiff's filings with the Equal Employment Opportunity Commission ("EEOC") relative to the above claims were found by the EEOC to be foreclosed from review because they were filed too late (ECF No. 5 at 8). On June 29, 2015, the EEOC dismissed her charge and closed its file, stating, "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge" (ECF No. 5 at 8, Dismissal and Notice of Rights Letter).

Plaintiff indicates, through a check mark on the complaint form, that Defendant discriminated against her on February 13, 2015, and that she filed her charge with the EEOC on May 13, 2015 (ECF No. 5 at 3). However, there is no other indication in

Page 3 of 7

the record to suggest that the February 13, 2015, date, which would actually render Plaintiff's EEOC filing date timely, is the date upon which the alleged discrimination occurred.  Rather, Defendant submits documentation—an arbitration decision from the American Arbitration Association—showing that Plaintiff participated in arbitration proceedings pursuant to the Escambia County Schools' labor contract (ECF No. 13-1 at 1).[1]  The arbitration decision shows that the job interviewing process that Plaintiff complains about occurred on January 15, 2014, and that she initiated the arbitration dispute by filing a grievance on the matter on February 21, 2014 (ECF No. 13-1 at 1, 8).  Plaintiff indicates that she filed charges with the EEOC on May 13, 2015 (ECF No. 5 at 3), more than a year after the alleged discrimination.

Plaintiff in fact acknowledges that her discrimination charge was not timely filed with the EEOC (ECF Nos. 5 at 4, 21 at 1).  Plaintiff further states that she had hired an attorney who was therefore responsible for making a timely filing with the EEOC, but the attorney failed to do so (*id.*).  Plaintiff appears to state that, at some point during or after the arbitration process, her attorney informed her that she still

---

[1] To resolve a motion such as Defendant's, based on the failure to administratively exhaust the claim before the EEOC, the court may consult matters outside the pleadings so long as Plaintiff has had the opportunity to respond, which she has.  *See* Tillery v United States Dep't of Homeland Security, 402 F. App'x 421, 424 (11th Cir. 2010); Bryant v. Rich, 530 F.3d 1368, 1376–77 (11th Cir. 2008).

had time to file her EEOC charge, but this information was incorrect (ECF No. 5 at 4).

Timely filing a charge of discrimination is a prerequisite to bringing suit under Title VII.  Maynard v. Pneumatic Products Corp., 256 F.3d 1259, 1262 (11th Cir. 2001) (citing Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) (1994)).  This time provision is strictly followed; failure to file a timely charge results in the claim being dismissed as time barred.  National R.R. Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2070, 536 U.S. 101, 108–09 (2002).  Ordinarily, a charge of discriminatory employment practice must be filed with the EEOC within 180 days of the allegedly unlawful employment practice, but the period for filing a charge with the EEOC may be extended to 300 days if the complainant first files a timely charge in a state or local agency in a "deferral state."  *Id.* (citing 42 U.S.C. § 2000e–5(e)(1) (1994)).  The burden of proving compliance with these time provisions rests with the plaintiff.  *Id.*

It is clear that, even if Plaintiff had first filed a charge of discrimination in the state of Florida (of which there is no indication), Plaintiff's EEOC charge, filed well over a year after the alleged discrimination, was not timely.  In acknowledging this

fact, Plaintiff attempts to excuse the lateness of her charge because of the negligence or ignorance of her attorney.

Title VII's filing deadline may be subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982). "A plaintiff who asserts the applicability of equitable tolling bears the burden of proving that it is appropriate." Carter v. W. Publ'g Co., 225 F.3d 1258, 1265 (11th Cir. 2000). These traditional tolling principles apply only under extraordinary circumstances, such as where the defendant concealed acts giving rise to the Title VII claim or fraudulently misled the employee about the nature of her rights under Title VII. Mesidor v. Waste Mgm't, Inc. of Fla., 606 F. App'x 934, 936 (11th Cir. 2015); *see also* Jackson v. Astrue, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007) (discussing equitable tolling in actions challenging decisions of the Commissioner of Social Security); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (discussing same under the Antiterrorism and Effective Death Penalty Act ("AEDPA")). Importantly, it has been uniformly held that an attorney's negligence or inadvertent neglect are not grounds for equitable tolling. Irwin v. Department of Veterans Affairs, 111 S. Ct. 453, 458, 498 U.S. 89, 96 (1990); Harris v. Boyd Tunica, Inc., 628 F.3d 237, 238 (5th Cir. 2010); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir.

2005); Salinas v. Dretke, 354 F.3d 425, 432 (5th Cir .2004); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241 (3d Cir. 1999). Ignorance or a mistaken belief as to the law is likewise insufficient to invoke equitable tolling. Mesidor, 606 F. App'x at 936.

It also bears noting that the limitations period is not tolled during the pendency of a grievance or arbitration procedure or other such review of the employment action. Zipes, 455 U.S. at 397, 102 S. Ct. at 1134; Delaware State College v. Ricks, 449 U.S. 250, 261, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980); International Union of Elec., Radio and Mach. Workers, AFL CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 236, 97 S. Ct. 441, 446–47 (1976).

Here, Plaintiff was clearly late in filing her charge of discrimination with the EEOC, and her claim that her attorney's negligence or erroneous knowledge of the law does not warrant equitable tolling. Plaintiff's complaint is therefore due to be dismissed as barred by the limitations provisions of Title VII. Because of this recommendation, Plaintiff's Motion for Judgment, in which she seeks judgment on the merits of her claim of discrimination, needs no further review.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED**:

1.      That Defendant's Motion to Dismiss or in the Alternative for Judgment on the Pleadings (ECF No. 13) be **GRANTED**.

2.      That Plaintiff's Motion for Judgment (ECF No. 21) be **DENIED** as moot, in light of the granting of Defendant's Motion to Dismiss.

3.      That the clerk be directed to enter judgment in favor of Defendant and close the file.

At Pensacola, Florida, this 30th day of August 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**